1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DE'VON-SAMUEL JAMES-                     No. 2:18-cv-1827-EFB P
      SINGLETON PERKINS,
12
                    Plaintiff,
13
                                              ORDER
           v.
14
      D. BAUGHMAN, *et al.*
15
                    Defendants.
16

17

18           Plaintiff, a state prisoner proceeding without counsel in this action brought pursuant to 42

19    U.S.C. § 1983, has filed an application to proceed in forma pauperis.  ECF Nos. 2, 5.

20                          Application to Proceed In Forma Pauperis

21           Plaintiff's application (and prisoner trust fund account statement) make the showing

22    required by 28 U.S.C. § 1915(a)(1).  Accordingly, plaintiff's request to proceed in forma pauperis

23    is granted.   By separate order, the agency having custody of plaintiff will be directed to forward

24    payments from his account to the Clerk of Court each time the amount in the account exceeds

25    $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

26    /////

27    /////

28    /////

                                                    1

I. <u>Legal Standards</u>

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

/////
/////
/////
/////

II.    Analysis

The complaint contains three different claims that are insufficiently related.  First, plaintiff alleges that, on January 3, 2018, he underwent a surgical procedure performed by defendants Sonia Bennett-Selbert and Joshua Pascfit.[1]  ECF No. 1 at 5.  Plaintiff claims, that after the surgery was completed, defendant Susan Larson – a registered nurse – punctured his esophagus while removing tubing that was used in the surgery.  *Id.*  He claims that he asked Larson to evaluate him, but she declined to do so.  *Id.*  With respect to this claim, plaintiff also alleges that defendant Selbert failed to give him a personal examination before his discharge which, if undertaken, would have revealed his new injury.  *Id.* at 6.  This claim against Selbert, as currently articulated, sounds in negligence rather than deliberate indifference.  Plaintiff offers no allegation that Selbert knew or had reason to know that his esophagus had been punctured after the surgical procedure was completed, a prerequisite to alleging an Eight Amendment claim based on this occurrence.  *See Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1082 (9th Cir. 2013) (negligence or gross negligence does not constitute deliberate indifference); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").

Second, plaintiff alleges that defendant O'Rielly, who acted as his transportation officer, drove recklessly on the trip back to California State Prison – Sacramento ("CSP-SAC").  ECF No. 1 at 7.  He claims that O'Rielly's driving caused him to hit his face against the transportation van cage repeatedly.  *Id.*  Finally, plaintiff vaguely alleges that, when he was received at CSP-SAC, defendant O'Rielly abandoned him and went home.  *Id.*  It is unclear whether plaintiff is alleging that he was abandoned in the back of the transportation van or in some other location.

Third, plaintiff alleges that his post-surgery medical care at CSP-SAC was deliberately indifferent.  He states that his discharge instructions indicated that he "was to receive assistance,"

---

[1] The court assumes, for screening purposes, that each of the public hospital defendants are state actors within the meaning of section 1983.  *See Tebo v. Tebo*, 550 F.3d 492, 503 (5th Cir. 2008) (noting that both parties agreed that "a public hospital employee, is a state actor for purposes of Section 1983.").

but he "never receive[d] someone." *Id.* at 8. He claims that the on-call doctor failed to examine either his person or his discharge notes. *Id.* Plaintiff places the blame for these deficiencies on defendant Soltanian whom he alleges failed to direct prison medical staff to follow the discharge instructions. *Id.*

These three claims, though all related to plaintiff's surgery, involve different sets of operative facts. Whether defendant O'Rielly drove recklessly or abandoned plaintiff upon arrival at CSP-SAC is, for instance, a separate factual question from whether defendant Larson acted with deliberate indifference in the immediate aftermath of plaintiff's surgery. Unrelated claims against different defendants, however, should be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may address this deficiency in his amended complaint, if he elects to file one.

Leave to Amend

Plaintiff will be given an opportunity to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George,* 507 F.3d at 607. Nor, as he was warned above, may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

4

earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

Conclusion

Accordingly, it is ORDERED that:

1.      Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2.      Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3.       Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and

4.      Failure to comply with any part of this this order may result in dismissal of this action.

DATED:  May 9, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE