UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DE'VON-SAMUEL JAMES-SINGLETON PERKINS,

Plaintiff,

v.

D. BAUGHMAN, et al.,

Defendants.

No. 2:18-cv-1827-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. After a dismissal pursuant to 28 U.S.C. § 1915A, he has filed an amended complaint.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

/////

/////

In screening plaintiff's original complaint, the court identified three unrelated claims that plaintiff had improperly joined in a single complaint.[1] ECF No. 9 at 3-4. Specifically, plaintiff had alleged (1) that defendant Susan Larson – a registered nurse – punctured plaintiff's esophagus while removing tubing that had been used in surgery, (2) that defendant O'Rielly, who acted as plaintiff's transportation officer, drove recklessly on the trip back to California State Prison – Sacramento (CSP-SAC), and (3) that his post-surgery medical care at CSP-SAC was deliberately indifferent. *Id.* at 3. In dismissing the complaint with leave to amend, the court informed plaintiff as follows:

> These three claims, though all related to plaintiff's surgery, involve different sets of operative facts. Whether defendant O'Rielly drove recklessly or abandoned plaintiff upon arrival at CSP-SAC is, for instance, a separate factual question from whether defendant Larson acted with deliberate indifference in the immediate aftermath of plaintiff's surgery. Unrelated claims against different defendants, however, should be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may address this deficiency in his amended complaint, if he elects to file one.

*Id.* at 4.

In plaintiff's amended complaint, now before the court for screening (ECF No. 12), he chose not to address this deficiency. As before, plaintiff realleges the same three unrelated claims without any new allegations showing that they satisfy the rules of joinder and can properly be joined together in a single lawsuit. *See* Fed. R. Civ. P. 18(a), 20(a)(2). The amended complaint thus fails to cure the defects identified by the court, and despite an opportunity to amend, plaintiff appears to be unable to comply with the court's screening order. Consequently, the court declines to offer him further opportunity to amend. *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802,

/////

---

[1] "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

809-10 (9th Cir. 1988) ("Repeated failure to cure deficiencies by amendments previously allowed is another valid reason for a district court to deny a party leave to amend.").

Accordingly, it is hereby ORDERED that the Clerk shall randomly assign a United States District Judge to this action.

Further, it is RECOMMENDED that the amended complaint (ECF No. 21) be dismissed for failure to comply with the court's order, and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 19, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE