UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE'VON-SAMUEL JAMES-SINGLETON PERKINS,<br><br>Plaintiff,<br><br>v.<br><br>D. BAUGHMAN, *et al.*,<br><br>Defendants. | No. 2:18-cv-1827-TLN-JDP-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state inmate proceeding without counsel with a suit under 42 U.S.C. § 1983. He has filed a motion for summary judgment against defendant O'Reilly ("defendant"). ECF No. 39. Defendant has filed an opposition, ECF No. 44, and plaintiff has not filed a timely reply. I recommend that plaintiff's motion be denied.

<u>Legal Standards</u>

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v.*

1

*U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). A summary judgment motion asks whether the evidence presents sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

Where the burden of proof lies as to the relevant factual issue is crucial to adjudicating summary judgment. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party bears the burden of proof on a dispositive issue at trial, the moving party need not produce evidence that negates the opponent's claim. *See, e.g.*, *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters that demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for

1  entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

2  To defeat summary judgment, the opposing party must establish a genuine dispute as to a material issue of fact. This give us two requirements. First, the dispute must be over a fact that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine, the court must again focus on which party bears the burden of proof. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence, are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there to be a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute, the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent such evidence there is no reason for trial.

The court does not determine witness credibility. It accepts the opposing party's evidence as true and draws the inferences most favorable to the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at

issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In such case, the court must grant summary judgment.

Analysis

I.      Background

Plaintiff alleges that defendant, a correctional officer, violated his Eighth Amendment rights by exhibiting deliberate indifference toward his serious medical needs. ECF No. 17 at 6. He claims that, after he underwent a surgical procedure at an Oakland area hospital, defendant "manhandled" him during preparation for transport back to California State Prison—Sacramento. *Id.* Plaintiff alleges that he was vomiting blood as defendant was preparing him for transport. *Id.* Despite this troubling symptom, defendant allegedly placed plaintiff in the transport vehicle and began to drive him back to prison. *Id.*

Plaintiff alleges that, during the course of transport, he continued to vomit blood and request help from defendant. *Id.* Defendant ignored him. *Id.* Plaintiff claims that he passed out at some point during the transport and only regained consciousness once they arrived at the prison. *Id.* Defendant allegedly became apologetic once plaintiff was unloaded and his poor condition was apparent. *Id.* at 7.

Defendant, by way of his answer, has denied that he was deliberately indifferent to plaintiff's serious medical needs. ECF No. 41 at 2-3.

II.     Argument

In his opposition, defendant argues that plaintiff's motion is premature and that it fails to meet the evidentiary burden set forth in Rule 56. He is correct on both counts.

The motion, filed before defendant had answered the second amended complaint, is premature. Motions for summary judgment can be filed at any time but are disfavored when submitted before the parties have had adequate time to conduct discovery. *Celotex*, 477 U.S. at

322 ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery . . . ."); *see also Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1100 n.15 (9th Cir. 2009) (stating that summary judgment was inappropriate where defendant had not answered the complaint and it was "uncertain which allegations are in dispute, much less which disputes might raise genuine issues of material fact"). The parties have not yet had a chance to investigate what evidence, if any, supports plaintiff's claims or whether he exhausted administrative remedies prior to filing this action.

The motion also fails to establish that no there is no "no genuine dispute" as to whether defendant was deliberately indifferent toward plaintiff's serious medical needs. As noted above, defendant has denied plaintiff's allegations by way of his answer. ECF No. 41 at 2-3. The only evidence supporting plaintiff's motion is his own declaration and several prison grievances. ECF No. 39 at 3-8. The grievance documents do not show whether prison officials substantiated the claims made therein. It is plaintiff's burden to establish that defendant violated his rights, and the submissions at bar amount to nothing more than a recitation of the claims in plaintiff's complaint. *See Moralez v. Wal-Mart Stores, Inc.*, No. C 17-05127 WHA, 2018 U.S. Dist. LEXIS 185049, *6, 2018 WL 5458767 (N.D. Cal. Oct. 28, 2018) ("The conclusory assertions in plaintiff's declaration are insufficient to carry her burden on summary judgment. Plaintiff's self-serving testimony can also reasonably be doubted in light of her failure to submit supporting documents with her motion for summary judgment . . . .").

Findings and Recommendations

For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's motion for summary judgment (ECF No. 39) be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158

F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 9, 2020

UNITED STATES MAGISTRATE JUDGE