1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DE'VON-SAMUEL JAMES-                   Case No. 2:18-cv-01827-TLN-JDP (PC)
     SINGLETON PERKINS,

12                                          FINDINGS AND RECOMMENDATIONS
                    Plaintiff,             THAT PLAINTIFF'S MOTIONS FOR
                                            PARTIAL SUMMARY JUDGMENT BE
13         v.                               DENIED

14   D. BAUGHMAN, *et al.*,                 ECF Nos. 38 & 39

15                  Defendants.             OBJECTIONS, IF ANY, DUE WITHIN
                                            FOURTEEN DAYS
16

17         Plaintiff is a state prisoner proceeding with counsel in this civil rights action brought under

18   42 U.S.C. § 1983.  He alleges that defendants were deliberately indifferent toward his serious

19   medical needs after an out-of-prison operation in January 2018.  ECF No. 17 at 6-10.  Before a

20   scheduling order was set or any discovery conducted, plaintiff filed two motions for summary

21   judgment, one against defendant O'Reilly and another against defendant Soltanian-Zadeh.  ECF

22   Nos. 38 & 39.  On October 13, 2020, I recommended that plaintiff's motion for summary

23   judgment against O'Reilly be denied.[1]  ECF No. 49.  In his objections to those recommendations,

24   plaintiff stated that he had never received a copy of O'Reilly's opposition.  ECF No. 53 at 1.

25   Based on that representation, I vacated my recommendations and gave plaintiff an extension of

26   time to file a reply to O'Reilly's opposition.  ECF No. 56.  Plaintiff has now filed replies to both

27   _____
        [1] Those recommendations did not address the motion against Soltanian-Zadeh since it was
28   not yet fully briefed.

                                              1

1   O'Reilly and Soltanian-Zadeh's oppositions.  ECF Nos. 55 & 59.  Both motions are ripe for

2   disposition and, for the reasons stated below, I recommend that both be denied.

3   **I.      Legal Standards**

4           **A.      Summary Judgment**

5           Summary judgment is appropriate where there is "no genuine dispute as to any material

6   fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Washington*

7   *Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine

8   only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party,

9   while a fact is material if it "might affect the outcome of the suit under the governing law."

10  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818

11  F.2d 1422, 1436 (9th Cir. 1987).

12          Rule 56 allows a court to grant summary adjudication, also known as partial summary

13  judgment, when there is no genuine issue of material fact as to a claim or portion of that claim.

14  *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule

15  56 authorizes a summary adjudication that will often fall short of a final determination, even of a

16  single claim . . . .") (internal quotation marks and citation omitted).  The standards that apply on a

17  motion for summary judgment and a motion for summary adjudication are the same.  *See* Fed. R.

18  Civ. P. 56(a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

19          Each party's position must be supported by (1) citing to particular portions of materials in

20  the record, including but not limited to depositions, documents, declarations, or discovery; or

21  (2) showing that the materials cited do not establish the presence or absence of a genuine dispute

22  or that the opposing party cannot produce admissible evidence to support the fact.  *See* Fed. R.

23  Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider other materials in the record

24  not cited to by the parties, but it is not required to do so.  *See* Fed. R. Civ. P. 56(c)(3); *Carmen v.*

25  *San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v.*

26  *Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

27          "The moving party initially bears the burden of proving the absence of a genuine issue of

28  material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the

moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.*, 477 U.S. at 323). The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *accord Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

**B.**     **Deliberate Indifference to Serious Medical Needs**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the

3

need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  "This second prong— defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."  *Id.* (citing *McGuckin*, 974 F.2d at 1060).  Indifference may be manifest "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  *Id.*  When a prisoner alleges a delay in receiving medical treatment, the delay must have led to further harm for the prisoner to make a claim of deliberate indifference to serious medical needs.  *See McGuckin*, 974 F.2d at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk."  *Id.* (quoting *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)).  "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."  *Id.* at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation."  *Id.* (citing *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)).  Additionally, a difference of opinion between an inmate and prison medical personnel—or between medical professionals—on appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim.  *See Toguchi*, 391 F.3d at 1058; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

4

**II.     Analysis**

Plaintiff alleges that O'Reilly and Soltanian-Zadeh were deliberately indifferent toward his serious medical needs.  He claims that O'Reilly "manhandled" him and transported him back to prison after the operation, even though he was vomiting blood.  ECF No. 17 at 6.  He claims that Soltanian-Zadeh, who was the on-call physician at the prison, chose not to admit him to the infirmary despite his symptoms.  *Id.* at 10.  Plaintiff alleges his symptoms persisted for several days, and that a different provider at the prison eventually diagnosed him with a punctured esophagus.  *Id.* at 10-11.  Both defendants have denied plaintiff's allegations.  ECF No. 35 at 3; ECF No. 41 at 2.

Plaintiff's motions for summary judgment are premature.  Motions for summary judgment can be filed at any time but are disfavored when submitted before the parties have had adequate time to conduct discovery.  *Celotex*, 477 U.S. at 322 ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery . . . .").  Plaintiff filed both motions before a scheduling order had been entered and before any discovery had been conducted.  Discovery in this case remains open and is not slated to close until January 1, 2021. ECF No. 43.

Additionally, neither motion shows that no genuine dispute of material fact exists as to whether defendants were deliberately indifferent.  Plaintiff's motion against O'Reilly is supported only by his own declaration and several prison grievances.  ECF No. 39 at 3-8.  The grievance documents do not show whether prison officials substantiated the
claims made therein.  Plaintiff's motion against Soltanian-Zadeh is similarly unsupported.  He has attached several medical documents, but none establish that Soltanian-Zadeh was deliberately indifferent to his medical needs.  The motions themselves amount to nothing more than recitations of the claims in the complaint.  As the movant, it is plaintiff's burden to establish that defendants violated his rights; he has not carried that burden.  *See Moralez v. Wal-Mart Stores, Inc.*, No. C 17-05127 WHA, 2018 U.S. Dist. LEXIS 185049, *6, 2018 WL 5458767 (N.D. Cal. 2018) ("The conclusory assertions in plaintiff's declaration are insufficient to carry her burden on summary judgment.  Plaintiff's self-serving testimony can also reasonably be doubted in light of

1  her failure to submit supporting documents with her motion for summary judgment . . . .").  The

2  deadline for dispositive motions is April 2, 2021.  ECF No. 43.  These recommendations, if

3  adopted, do not foreclose future motions for summary judgment.

4        For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's motions for

5  summary judgment, ECF Nos. 38 & 39, be DENIED without prejudice.

6        These findings and recommendations are submitted to the United States District Judge

7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of

8  being served with these findings and recommendations, any party may file written objections with

9  the court and serve a copy on all parties. Such a document should be captioned "Objections to

10  Magistrate Judge's Findings and Recommendations." Failure to file objections within the

11  specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158

12  F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

13  IT IS SO ORDERED.

15  Dated:    December 22, 2020        _____

16                JEREMY D. PETERSON
              UNITED STATES MAGISTRATE JUDGE